UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASHANDEEP SINGH,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE,<br><br>                                    Respondent. | Case No.:  3:25-cv-3784-CAB-AHG<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Jashandeep Singh's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 4 ("Petition").]  Petitioner claims his nearly 15-month detention by immigration authorities is unconstitutional.  [*Id.* at 6.] He seeks a bond hearing.  [*Id.* at 7.]  For the reasons below, the Court **GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

**I.  BACKGROUND**

Petitioner is an Indian citizen who entered the United States without inspection near San Ysidro, California on January 8, 2025.  [Doc. No. 7 at 2.]  He was determined to be an inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed into removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody under 8 U.S.C. § 1225(b).  [*Id.*]  He has remained in custody since then.

Petitioner originally had his individual merits hearing scheduled for March 18, 2026. [Doc. No. 10 at 2.]  However, Respondent informed the Court that his hearing was delayed until April 15, 2026, due to the Court not having a Dogri interpreter for Petitioner.  [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondent challenges this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 7 at 3–4.]  This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios.  Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondent's jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1138–39 (S.D. Cal. 2025).

### B.    Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—nearly fifteen months—is unconstitutional.  [Petition at 6.]  Respondent counters that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until the resolution of his removal proceedings. [Doc. No. 7 at 5–10.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the

*constitutional question* of whether indefinite detention is permitted.  *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention.  3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").  Respondent's position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.  Arbitrary civil detention is not a feature of our American government.  "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year.  *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a

bond hearing when detention extends beyond one year).  Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner's individual merits hearing is not until April 15, 2026 and further detention beyond it, regardless of its outcome, is likely.  [Doc. No. 10 at 2.]  Accordingly, the second factor favors Petitioner.  [*Id.*]  As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication."  No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026).  Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, the only delay pleaded is the one-month delay for Petitioner's individual merits hearing.  Respondent states that it "was reset for the immigration court to provide a Dogri interpreter for Petitioner, who does not speak Punjabi as was previously indicated."  [Doc. No. 10 at 2.]  The Court finds the fourth and factors to be effectively neutral.  Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, and three weigh for Petitioner, while factors four, five, and six are neutral.  The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process.  Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court therefore **GRANTS** the writ of habeas corpus and **ORDERS** Respondent to provide Petitioner an individualized bond hearing by **April 8, 2026**.  The Clerk of the Court shall

close the case on April 10, 2026 unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated:  March 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-3784-CAB-AHG